IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISSTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DEBRA LASHAWAY, PHILIP KAPLAN, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CASE NO. 3:13-cv-00043-JZ |
| | § § § § | Judge Jack Zouhary |
| JUSTMUGSHOTS.COM, BUSTEDMUGSHOTS.COM, MUGSHOTSONLINE CITIZENS INFORMATION ASSOCIATES LLC, FINDMUGSHOTS.COM, MUGREMOVE.COM | § § § § § § § | |
| Defendants. | § | |

## DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND MEMORANDUM IN SUPPORT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Justmughots.com ("Defendant"), moves to dismiss this action for failure to state a claim upon which relief can be granted as authorized by Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## INTRODUCTION

Plaintiffs' lawsuit seeks to radically expand the reach of Ohio's Right of Publicity Statute by claiming that the use of lawfully obtained mug shot images

1

constitutes a violation of ORC § 2741.01. The mug shot images that are the subject of this lawsuit are produced by the various sheriff's offices of Ohio and made available to anyone upon request and upon compliance with various administrative requirements fees etc. These images are also indexed by Google and other search engine providers. To allow § 2741.01 to encompass images made by the authorities would impinge on Defendant's First Amendment rights and interfere with the police's public duties. Therefore, Defendant requests that this Court dismiss Plaintiffs' case for failure to state a claim.

## STANDARD GOVERNING A MOTION TO DISMISS

The United States Supreme Court has held that a plaintiff's complaint must state a cognizable claim with sufficient factual matter to state a claim for relief that is plausible on its face. *Bell-Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007). When the allegations of the complaint do not create a claim for relief, "this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558. Legal conclusions couched as a factual allegation need not be accepted as true and the mere recitation of the elements of the cause of action are not sufficient. *Id.* at 570. Plaintiff's complaint likewise does not state any cognizable claims and should therefore be dismissed.

## SUMMARY OF THE ARGUMENT

Plaintiffs' Complaint fails to state a cognizable claim because they have not alleged that Plaintiffs' personas have any commercial value as required by §

2741.01 and, even if there is commercial value, Defendant's activities fall squarely within the public interest exception of the statute.

## Argument

### A. Plaintiffs' Complaint Fails to Allege Commercial Value

This Complaint should be dismissed because Plaintiffs' have not alleged that their specific mug shot images have any commercial value. The Ohio Right of Publicity Statute provides that a violation occurs if one uses "any aspect of an individual's persona for a commercial purpose." ORC § 2741.02 (A). "Persona" is defined in the statute as "an individual's name, voice, signature, photograph, image, likeness, or distinctive appearance, *if any of these aspects have commercial value*." ORC § 2741.01 (emphasis added). The commercial value component is critical to the statute because the purpose of the right of publicity is to protect the appropriation of the commercial value of a person's identity. *See ETW Corp. v. Jireh Pub., Inc., 332 F. 3d 915, 930* (6th Cir. 2003) quoting RESTATEMENT (THIRD) OF UNFAIR COMPETITION Chapter 4, § 46.

Plaintiffs' Complaint nowhere alleges any commercial value to their images instead only vaguely stating that their right of publicity is infringed due to "specifically but not limited to, the offer of the removal services." Compl. ¶ 22. Defendant's website does offer to remove a person's mug shot for a fee, but Plaintiffs' have utterly failed to allege how this shows commercial value in the image. To hold that this represents commercial value could have the pernicious effect of subjecting the various sheriff's departments to liability when they charge a

3

fee for release of the mug shot records. This plainly was not the intent of § 2741.01 and Plaintiffs' Complaint should therefore be dismissed.

      B.      **Defendant's Website Falls Within the Public Interest Exception**

Even if this Court finds that Plaintiffs have alleged some commercial value in their mug shots, Defendant's website clearly falls within the public interest exception to the statute. The Ohio Right of Publicity Statute contains a number of exceptions one of which states "use of an aspect of an individual's persona in connection with any news, public affairs, sports broadcast, or account does not constitute a use for which consent is required." ORC § 2741.02 (D)(1). The 6th Circuit, in ruling that the disclosure of mug shots does not constitute an invasion of personal privacy, noted that public availability of mug shots served important public benefits including the ability to:

> reveal the circumstances surrounding an arrest and initial incarceration of an individual in a way that written information cannot. Had the now famous videotape of the Rodney King beating in Los Angeles never been made, a mug shot of Mr. King released to the media would have alerted the world that the arrestee had been subjected to much more than a routine traffic stop and that the actions and practices of the arresting officers should be scrutinized.

*Detroit Free Press, Inc. v. Department of Justice*, 73 F. 3d 93, 98 (6th Cir. 1996).

Furthermore, this Court has noted that the public affairs exception is not limited to traditional news media. On the contrary, "[t]he test of permissible use is not the currency of the publication of which the picture appears but whether it is

illustrative of a matter of legitimate public interest." *Bosley v. WildWett. Com*, 310 F. Supp. 2d 914, 924 (N.D. Ohio 2004). Defendant's website as the medium of communication for matters of the public interest was expressly included by this Court when it noted "[i]n modern times, one could extend this analysis to conclude that information relating to a legitimate public interest on an internet web page is protected communication." *Id.*

It is therefore clear that according to the 6th Circuit, mug shot records are public information serving an important public interest. By extension Defendants' display of these images relate matters of legitimate public interest that falls squarely within the Public Affairs Exception to ORC § 2741.01. Plaintiffs' Complaint should therefore be dismissed.

## CONCLUSION

Plaintiffs' lawsuit utterly fails to state a claim upon which relief may be granted. The Complaint nowhere alleges the commercial value of Plaintiffs' mug shots that were taken by the police and available to anyone who makes inquiries to the various sheriff's offices of this State. In addition, the availability of these mug shots fulfills a public benefit that was plainly contemplated by the legislature when it created the Public Affairs Exception to ORC § 2741.01. This lawsuit is a transparent attempt by Plaintiffs to use the right of publicity statute to remove public images they find embarrassing. This would run counter to the 6th Circuit's decision in *Detroit Free Press* which found that the public interest in the

5

availability of these images outweighed the privacy interests of those arrested. As a result, Plaintiffs' Complaint should be dismissed.

Dated: January 11, 2013

Respectfully Submitted,

/s/-Joshua Jones

Joshua G. Jones
401 Congress Ave Suite 1540
Austin, TX 78701
Tel: 512-687-6221
Fax: 512-687-6249
Email: jjones@jgjoneslaw.com

**Certificate of Service**

I certify that on January 11, 2013, the above was filed using the CM/ECF system which will send notice of such filing to all attorneys of record.

/s/- Joshua Jones